[Civ. No. 4113. Third Appellate District.—June 7, 1930.]

ELISE MARIE NEFF, Respondent, v. Z. PEARL CAMP-BELL, Appellant.

Willebrandt & Horowitz for Appellant.

Zach Lamar Cobb and Earl A. Littlejohn for Respondent.

PULLEN, J., *pro tem.*—This was an action for the conversion of an automobile.

The court found the following to be the facts:

"2. That on the 15th day of June, 1924, plaintiff was the owner of and entitled to the possession of a certain 1924 Flint Six Sedan automobile, . . . and that on said day the said automobile was stored by plaintiff with the defendant, at said defendant's garage, to be held and stored by the said defendant on behalf of plaintiff, for the consideration of $10.00 per month as storage charges.

"3. That pursuant to said agreement the defendant continued to store said automobile for plaintiff until on or about the 10th day of November, 1924, at which time plaintiff informed defendant that she was leaving the state of California, and going to the city of Tyler, in the state of Texas, and would probably return some time in the spring of 1925, and it was thereupon agreed by and between plaintiff and defendant, and said defendant then and there agreed and undertook that she would continue to hold and store said automobile for plaintiff until plaintiff returned and called for the same, and upon plaintiff calling for the same would deliver said automobile to plaintiff or her order at any time thereafter, upon plaintiff paying to the defendant the storage charges due thereon, together with whatever further storage charges should have become due up to the time of the delivery of said automobile."

Some time probably in April, 1925, respondent returned to California, but did not call upon nor communicate with appellant until late in the fall of 1925, at which time respondent was informed the car had been sold for storage and other charges on the fourteenth day of May, 1925, whereupon she instituted this action for conversion.

Appellant contends that whether she had any right to sell the automobile would depend upon the construction of the contract of the parties or sections 3051 and 3052 of the Civil Code.

The trial court has found upon conflicting evidence the facts as set forth above that appellant "would continue to hold and store said automobile for plaintiff until she returned and called for the same." While it may appear

somewhat unusual that a garage-keeper would make such an agreement, still, the trial court having so found, and an examination of the record contains sufficient testimony to support such finding, it is not the province of this court to hold otherwise.

The testimony of Mr. W. H. Neff supports this contention. A portion of his testimony is as follows: "Q. What was the conversation on that occasion? A. I told Mrs. Campbell then we were going back to Texas the next day, and we didn't know just how long we would be gone, and I wanted to leave the car on dead storage with her until I returned, at the same price. She asked me if I could not pay some on the storage that had already accrued. I told her I was not in a position then to do so. I did not know just exactly what my expenses back to Texas would be, but after I got there I would try to send her some money, I would not be sure I could, but I would try to send her some, and she agreed to—said she would keep the car for me until I returned and called for it, at $10 a month, and agreed to keep the battery in condition so that it would not run down. . . . Q. Did you communicate with her in any way after returning to Texas, while you were there? A. In February, I wrote her a letter I would be delayed, I could not tell how long I would be delayed, but I would not get back as soon as I anticipated, but I would be back, and to please be assured I wanted the car kept nice."

The trial court heard the testimony, found the facts as herein given upon sufficient evidence, and this court will not disturb them.

The judgment is accordingly affirmed.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 7, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 4, 1930.